In the Matter of the ESTATE OF Anna WEICKUM, Deceased.

No. 13608.

Supreme Court of South Dakota.

Considered on Briefs May 18, 1982.

Decided Sept. 1, 1982.

---

Robert R. Schaub of Larson, Sundall, Larson & Schaub, Chamberlain, for plaintiffs, contestants, and appellants Mary A. Ertzner, Josephine B. Hedlund, Twila V. Holderfield, Vera V. Kuhr, Violet P. Maska and Judy J. Stover.

Wally Eklund of Johnson, Eklund & Davis, Gregory, for defendant, petitioner, and appellee Victor G. Weickum.

WOLLMAN, Chief Justice.

This is an appeal from an order approving an executor's account and petition for payment of expenses.* We affirm.

Victor G. Weickum, one of decedent's sons, was appointed executor of his mother's estate on May 12, 1981. As was pointed out in our opinion that affirmed the order admitting decedent's will to probate, decedent was survived by ten children, six of whom contested the validity of the will. Because of the will contest, Victor determined that it would be advisable to have a non-family member act as personal representative, whereupon he filed a petition requesting that he be discharged as executor and that the Farmers State Bank of Winner

be appointed as the administrator with the will annexed of decedent's estate. Following a hearing on August 12, 1981, the circuit court entered an order canceling the letters testamentary that had been issued to Victor and appointing the trust department of the Farmers State Bank of Winner as administrator with the will annexed.

The hearing on the accounting filed by Victor was postponed until August 31, 1981, upon the stipulation of counsel that at that time the court would consider the objections to the accounting that had been filed on August 6, 1981, by the six children who had contested decedent's will.

Contestants' objections to Victor's accounting alleged that Victor had not used his best efforts to obtain income for the estate, that his accounting lacked proper documentation in that no receipts or vouchers were filed with the accounting, and that he had failed to account for all of the assets, income, and expenses of the estate.

At the August 31 hearing, Victor elected to stand on the accounting that he had filed, whereupon counsel for the objectors examined him in detail concerning various items of income, expense, and personal property that Victor had allegedly not accounted for. The objectors also attempted to establish that Victor had either permitted his own cattle to graze on the estate land or had permitted neighbors to graze their cattle without paying rent. Victor admitted during the questioning that one of his horses had probably grazed on the estate land during the summer months.

At the conclusion of the hearing, the trial court ruled from the bench that certain estate expense items and certain of Victor's claimed expenses as executor would be disallowed. Among the former items were a $62.61 phone bill, a $68.90 bill for a casket spray (both of which had apparently already been paid), and a $22.60 bill for headstone engraving that had not yet been done. Items of executor expense disallowed included $404.51 for funeral arrangements

---

* We recently affirmed the trial court's order admitting the decedent's will to probate. *Matter of Estate of Weickum*, 317 N.W.2d 142 (S.D. 1982).

and $5,137.77 for expenses of farming the estate property, the latter item disallowed because those claiming the expense had not yet demanded payment. The trial court also charged Victor with certain items of personal property, including a 1958 Ford Fairlane automobile, some dishes, a rollaway bed, and two $500 Series E bonds. The trial court did not charge Victor with pasture rent for the horse for the reason that no evidence had been submitted regarding the reasonable value of such rent.

Objectors' principal complaint at the hearing, which they renew in this appeal, was that Victor had failed to file adequate vouchers and receipts for the items set forth in his accounting and claim for reimbursement of expenses. In support of this objection, they cite In re Johnson's Estate, 68 S.D. 598, 5 N.W.2d 38 (1942), in which this court was called upon to apply SDC 1939 35.1613, which provided in part that "In rendering his account, the executor or administrator must produce and file vouchers for all charges, debts, claims, and expenses which he has paid, which must remain in the court .... On the settlement of his account he may be allowed any item of expenditure, not exceeding fifteen dollars, for which no voucher is produced ...." This statute, which was carried forward as SDCL 30–25–28 and 30–25–29, was amended by 1981 S.D.Sess.Laws ch. 168 § 2 to read "In rendering his account, the executor or administrator may produce and file vouchers for all charges, debts, claims, and expenses which he has paid, which must remain in the court ...." The second portion of SDC 1939 35.1613 quoted above, which formerly appeared in SDCL 30–25–29, was repealed by § 3 of 1981 S.D.Sess. Laws ch. 168.

■ To the extent, then, that the court's opinion in Johnson's Estate was premised upon the since amended and repealed statutory language quoted above, the rigid requirements imposed upon an executor or administrator regarding the filing of vouchers is no longer applicable. This is not to say, of course, that the personal representative of an estate does not owe the highest duty of fidelity to the estate and to the beneficiaries thereof. We are satisfied that the trial court made a painstaking effort to insure that this high standard of fidelity be honored, as manifested by the trial court's disallowance of a number of disputed items and its imposition of a charge upon Victor for certain items of personal property that had not been fully accounted for.

We also note that Victor's counsel stated at the conclusion of the record that "I have never been asked for any of the bills supporting any of the items that have been paid. So I don't see how it would make any difference that they were not filed. We have got them available here in court for them to look at." Counsel went on to characterize objectors' stance: "They won't specify a single item that they want. They just mainly, as I view it, want to raise hell and harass the executor, which is one reason he wants to get out of the position." Although counsel's statement may have lacked lawyerly elegance, in view of the bitterly fought will contest in which past grievances concerning Victor's alleged mishandling of his father's estate were brought to the fore there is little doubt that deep-seated intra-family animosities have pervaded the entire proceedings regarding this estate.

■ Although we do not commend the accounting and the manner in which it was presented as models of probate practice and procedure, we are satisfied that the trial court's allowance and disallowance of the various items in dispute finds support in the evidence contained in the record. Accordingly, the order appealed from is affirmed.

All the Justices concur.